UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ODED MARKEL,                                                       Civil Action No.

                             Plaintiff,                 **COMPLAINT AND**
                                                           **JURY DEMAND**

        -against-

GEICO GENERAL INSURANCE COMPANY,

                             Defendant.
-------------------------------------------------------------------X

         Plaintiff ODED MARKEL by his attorneys, HAICKEN LAW PLLC, as and for his Complaint against the Defendant GEICO GENERAL INSURANCE COMPANY respectfully alleges that at all times hereinafter mentioned:

         1.        Plaintiff ODED MARKEL is a citizen of the State of New York and resides in Nassau County.

         2.        Defendant GEICO GENERAL INSURANCE COMPANY (hereinafter "GEICO") is a Maryland corporation with its principal place of business in Chevy Chase, Maryland located at 5260 Western Avenue, Chevy Chase, Maryland 20815.

         3.        Defendant GEICO was and is a business entity licensed to do business in the State of New York for the purpose of, among other things, providing insurance coverage pertaining to automobile accidents and injuries sustained therefrom.

         4.        The matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

         5.        Venue is proper in this District pursuant to 28 U.S.C. §1391 (c) (1).

6. By virtue of diversity of citizenship of the parties and the amount in controversy, this Court has subject matter jurisdiction.

7. That in connection with its insurance business, the defendant, GEICO, issues and administers policies of automobile insurance which provide coverage for claims arising out of motor vehicle collisions, in particular for claims of loss, damage and/or injury.

8. That in connection with its aforementioned business, the defendant, GEICO, issued an insurance policy under policy number 4467424521 to the plaintiff, ODED MARKEL, insuring the plaintiff for the period encompassing the date of loss, August 28, 2017, covering a 2016 BMW New York State Registration No. ECR2288.

9. Pursuant to the aforementioned insurance policy, in consideration of certain sums of money as premiums duly paid to the defendant, GEICO, GEICO provided plaintiff with supplemental underinsured motorist bodily injury coverage (hereinafter "SUM" coverage) in the amount of $250,000.00 per person/$500,000.00 per occurrence.

10. The aforementioned insurance policy and aforementioned SUM coverage was valid and in effect on August 28, 2017.

11. On August 28, 2017, the plaintiff, ODED MARKEL, was operating the aforementioned insured motor vehicle on Merrick Road at or near its intersection with Centre Avenue in the Town of Hempstead, County of Nassau and State of New York.

12. That on August 28, 2017, the aforementioned motor vehicle being operated by the plaintiff, ODED MARKEL, was struck by a motor vehicle owned and operated by Maurizio Nicolosi.

13. That the aforementioned motor vehicle collision was duly reported to the proper police authorities on the same day of the aforementioned collision, and in any event, within 24 hours of the aforesaid occurrence.

14. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of Maurizio Nicolosi, without fault or negligence on the part of plaintiff herein.

15. That the plaintiff was not in any way responsible for the foregoing occurrence.

16. That the plaintiff timely and duly made claim to the defendant under the SUM provisions of the above referenced insurance policy.

17. That the plaintiff has in all relevant respects complied with all the relevant provisions of the aforementioned insurance policy.

18. That on or about October 26, 2022 a jury verdict in the amount of $200,000.00 was rendered in plaintiff's favor as the result of a Summary Jury Trial conducted before Justice Bruce Cozzens in the Supreme Court, Nassau County in the matter entitled *Oded Markel v. Maurizio Nicolosi,* Index No. 601900/2018.

19. That the insurance carrier for Maurizio Nicolosi conceded liability in the aforementioned trial.

20. A settlement was reached in accordance with a High-Low agreement between the parties, and the insurance carrier for Maurizio Nicolosi tendered the entire limits of its insurance coverage in the amount of $100,000.00.

21. Maurizio Nicolosi has provided an affidavit of no excess insurance coverage.

22. That the plaintiff duly notified defendant, GEICO, of the tender of the insurance coverage and obtained the defendant's consent to settle the underlying claim with Maurizio Nicolosi.

23. That the injuries sustained by the plaintiff, ODED MARKEL, merit a recovery in excess of the policy limits of the insurance policy of the owner and operator in the underlying action, Maurizio Nicolosi.

24. That the plaintiff herein is entitled to recover under the aforementioned GEICO insurance policy SUM provision by reason of the injuries he has sustained as a result of the August 28, 2017 accident involving the underinsured motor vehicle owned and operated by Maurizio Nicolosi.

25. That as a result of the aforesaid vehicular accident the plaintiff, ODED MARKEL, sustained severe and serious personal injuries as defined in Section 5102(d) of the Insurance Law and/or economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law.

26. That by reason of the foregoing motor vehicle collision the plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff will be unable to pursue the usual duties of his daily routine with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

27. That pursuant to Section 3420(f)(2) of the Insurance Law Section 5102 of the Insurance Law does not apply to this action.

28. That this action falls within one or more of the exceptions set forth in CPLR Section 1602 including but not limited to (2), (6) and (7).

29. That plaintiff has demanded from the defendant payment of the full limits of the aforementioned SUM coverage applicable to this action.

30. That defendant has refused to tender the full limits of the aforementioned SUM coverage applicable to this action despite plaintiff's demand.

31. That defendant's refusal to tender the full limits of the aforementioned SUM coverage applicable to this action despite plaintiff's demand represents a breach of contract between the parties by defendant.

32. That by reason of the foregoing, the plaintiff, ODED MARKEL, has been damaged in the amount of $250,000.00

33. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff, ODED MARKEL demands trial by jury in this action of all issues so triable.

**WHEREFORE,** the plaintiff ODED MARKEL demands judgment as against the defendant in the amount of $250,000.00 plus interest together with cost and disbursements of this action and such other and further relief as the Court may deem just and proper under the circumstances.

Dated: New York, New York
January 23, 2023

Yours, etc.,

HAICKEN LAW PLLC

*Matthew Haicken, Esq.*
_____
BY: MATTHEW HAICKEN, ESQ. (MH2990)
Attorneys for Plaintiff
ODED MARKEL
11 Broadway, Suite 615
New York, New York 10004
(212) 529-8326